TOBIAS, J.,
Concurs in the Result and Assigns Reasons.
_jjl respectfully concur in the result reached by the majority, although my view of the facts and law is a bit different from that expressed by the majority.
A more than eight-year delay in bringing Messrs. Thomas and Patín, both United States and Louisiana citizens, to trial is an embarrassment to the administration of the criminal justice system of this state. Moreover, based upon the current charges against the defendants, reduced from first degree murder, it is possible that the juries for each defendant could return the responsive verdict (pursuant to La.C.Cr.P. art. 814) guilty of manslaughter (La. R.S. 14:31), guilty of negligent homicide (La. R.S. 14:32), or not guilty, and each defendant would have frbeen incarcerated without a trial more than the actual sentence than must be imposed for the manslaughter or the maximum amount of time permitted for punishing one convicted of negligent homicide.
However, La.C.Cr.P. arts. 494 and 704 allow two or more defendants to be charged and tried together at the election of the district attorney. When that election is made and each defendant has separate counsel, delays that would not occur if a single defendant was being tried are inherent and strategies of the defense for *43 the accused change.[1] Time limitations pursuant to La.C.Cr.P. art. 578 to commence trials can change by superseding indictments or bills of information, interruptions (La.C.Cr.P. art. 579), and suspensions (La.C.Cr.P. art. 580) can delay trials for significant periods of time. Changes of counsel, as occurred in these cases, the force majeure of Hurricane Katrina, the multiple filing of pretrial motions, et cet-era, interrupted and/or suspended the article 578 time limitations, multiple times. Examining the time lines as set forth in the majority’s opinion appear to establish that as a matter of law the state is within the statutorily mandated time limits to try these defendants on the charges that each is charged with, even considering Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (the four-prong test); Doggett v. U.S., 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (knowledge by the accused of the existence of the charges against him was not made known to him for many years in a federal case); and Vermont v. Brillon, — U.S.-, 129 S.Ct. 1283, 173 L.Ed.2d 231 (2009) (to whom delays may be charged, the defendant or the state, for purposes of speedy trial considerations).

. When multiple defendants are tried together, defense counsel in a "tag team” filing of motions authorized by law or jurisprudence and other tactics falling within the ambit of causing delay may delay a trial for significant periods of time. In the case at bar, the changes of counsel and the filing of motions, among other circumstances and procedures, caused delay which when taken as a whole amounted to a significant period of time for each of the defendants.